PATTY H. MARLEY v. WILLIAM GANTT

No. 845DC171

(Filed 28 December 1984)

**Damages § 10; Rules of Civil Procedure § 61 — sick leave benefits during disability —improper questions—harmless error**

While it was error for the trial court to permit defendant's attorney to question plaintiff as to the salary she received as sick leave benefits while she was unable to work because of the accident in question, the admission of such evidence did not amount to the denial of a substantial right within the meaning of G.S. 1A-1, Rule 61 which would allow the trial court to set aside the verdict. G.S. 1A-1, Rule 59.

APPEAL by plaintiff from *Rice, Judge.* Judgment entered 27 October 1983 in District Court, NEW HANOVER County. Heard in the Court of Appeals 13 November 1984.

This is an action for personal injury incurred by the plaintiff in an automobile accident. The plaintiff testified that among other

Marley v. Gantt

injuries she missed 84 hours of work and she was paid approximately $10.00 per hour. On cross-examination the following colloquy occurred:

Q. Mrs. Marley, you were a salaried person I believe you said, is that correct?

A. I am weekly salaried; yes, sir.

Q. So you actually lost no pay or income for any of the time —

MR. SMITH: Objection.

The Court: May I see you, Gentlemen?

. . .

Q. Mrs. Marley, at the time of this accident and since that time, you were a salaried employee, is that correct?

A. Yes, sir.

Q. That is why you did not know what you made per hour?

A. I am on a weekly salary, that is correct.

Q. In fact, you were paid your regular weekly salary throughout that time even when you missed some time because of the accident, is that correct?

MR. SMITH: Objection.

COURT: Overruled.

A. That's correct.

The Court did not charge the jury that the plaintiff was entitled to lost wages. The jury awarded her $2,000.00 for her injury. The plaintiff made a motion for a new trial under G.S. 1A-1, Rule 59 and the defendant moved for an additur to increase the verdict by $840.00 to $2,840.00. The motion for a new trial was denied and the motion for an additur was allowed. The plaintiff appealed.

*Smith and Jackson by W. G. Smith and Bruce H. Jackson, Jr. for plaintiff appellant.*

*Crossley and Johnson by Robert W. Johnson for defendant appellee.*

WEBB, Judge.

It was error for the Court to allow the defendant's attorney to question the plaintiff as to the salary she received while she was not able to work. See *Fisher v. Thompson*, 50 N.C. App. 724, 275 S.E. 2d 507 (1981). Neither party contends it was not proper for the Court to order an additur to the verdict. See *Caudle v. Swanson*, 248 N.C. 249, 103 S.E. 2d 357 (1958). The plaintiff argues that it was error not to allow her motion pursuant to G.S. 1A-1, Rule 59 to set the verdict aside for the error committed in the trial in allowing the improper cross-examination. She contends that by allowing this line of questioning her credibility and that of her other witnesses was so impeached that she was materially prejudiced.

G.S. 1A-1, Rule 61 provides that an error in the admission of evidence is not a ground for setting aside a verdict unless the refusal to do so "amounts to the denial of a substantial right." The plaintiff in this case argues that a substantial right was affected. There was testimony by an orthopedic surgeon that she had suffered a severe cervical sprain resulting in 17% disability. She argues that when the trial court repeatedly overruled counsel's objection to testimony of sick leave benefits it was done in the presence of the jury and affected their perception of the plaintiff as well as her witnesses. We do not believe we can hold that the credibility of the plaintiff's witnesses including the medical doctor who testified for her was affected by this line of questions. The questions asked of the plaintiff did not require her to contradict any of her direct testimony. We do not believe we can hold she was so impeached that she was denied a substantial right when the verdict was not set aside.

No error.

Judges HEDRICK and HILL concur.