FRANK E. WHITE v. PHILLIP DALE LOWERY

No. 8628SC280

(Filed 17 February 1987)

**Damages § 10— personal injury action—plaintiff's receipt of retirement benefits— evidence not excluded by collateral source rule**

> In an action to recover damages for injuries sustained in an automobile accident, the Court of Appeals did not need to rule on plaintiff's contention that the admission of evidence by the trial court that plaintiff received a bonus for taking early retirement and was receiving retirement benefits violated the collateral source rule, since such evidence was not offered in mitigation of damages but was instead offered to show that the reason plaintiff took early retirement was not because of the accident but because of the economic incentives his employer offered for his retiring early, and the evidence was thus properly admitted to impeach plaintiff's testimony that he retired because the injuries he suffered as a result of the accident left him unable to do his job as a telephone cable repairman.

APPEAL by plaintiff from *Lamm, Judge.* Judgment entered 14 October 1985, and Order entered 31 October 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 22 August 1986.

*Riddle, Kelly & Cagle by E. Glenn Kelly for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes & Davis by Marla Tugwell for defendant appellee.*

COZORT, Judge.

Plaintiff appeals the jury's award of $3,100.00 in damages for injuries he suffered in an automobile accident with defendant Lowery. Defendant admitted liability but contested the amount of

damages plaintiff alleged were proximately caused by the accident. Plaintiff's appeal is primarily based on his contention that the trial court erred in admitting evidence of plaintiff's receiving pension or retirement benefits. Plaintiff argues that the admission of such evidence violated the collateral source rule. Plaintiff also contends the trial court erred in failing to give a number of jury instructions. We find no error.

On 10 June 1983 plaintiff was in an automobile accident. Defendant admitted liability for the collision but denied the collision was the proximate cause of the plaintiff's claimed injuries. The parties stipulated that the only issue to be tried was what amount, if any, plaintiff was entitled to recover from the defendant for his injuries.

At trial plaintiff filed a motion in limine to exclude evidence that he had received retirement benefits after retiring from his job at Southern Bell Telephone Company. Plaintiff contended that the amount of benefits received by reason of his retirement was not admissible and that the collateral source rule prohibited introduction of such evidence. The trial court ruled that such evidence was admissible, although the amount of retirement benefits plaintiff received upon his retirement was not admissible. At trial plaintiff testified that prior to the accident in question he had not planned to retire but that he retired because injuries he suffered as a result of the accident left him unable to do his job as a telephone cable repairman. The trial court allowed defendant to question plaintiff regarding the fact that he did receive a bonus for taking early retirement and did receive retirement benefits.

Defendant's evidence by way of cross-examination of plaintiff and by direct evidence from plaintiff's supervisor tended to show that plaintiff's employer was enacting a work force reduction and was trying to induce senior employees to retire early. On 9 August 1984 plaintiff was offered a bonus for retiring early. He had fifteen days to accept the offer. Plaintiff accepted the retirement bonus by 24 August 1984, with an effective date of 31 October 1984. Plaintiff continued to work for over two months after he decided to retire. He never mentioned to his employer that he was retiring because of any physical problems. Plaintiff's supervisor testified that as far as he was aware, plaintiff was doing his job.

With respect to disability, plaintiff's orthopedic surgeon, Dr. David Lincoln, testified that as a result of injuries from the accident, plaintiff had a total of ten percent permanent partial disability of his neck and back. Plaintiff testified that there were many things he could not do after the accident that he could do before the accident. On direct examination he testified that he had had no physical problems doing his job and no problems with his back and legs prior to the accident. On cross-examination, however, plaintiff admitted that in 1979 he had knee surgery and that he had answered interrogatories that he had "unending problems" with his knee. Plaintiff also admitted that he had suffered a work-related injury in 1980 which shattered both heels and left one ankle disfigured. He received a twenty percent permanent partial disability award for one foot and a thirty percent permanent partial disability award for the other foot.

Plaintiff testified as to the various medical treatments he had received after the collision with the defendant. A review of the transcript shows that plaintiff introduced into evidence as an exhibit copies of his medical bills, although this exhibit was not included in the record on appeal.

From the jury verdict awarding plaintiff $3,100.00, plaintiff appealed.

Plaintiff's principal assignment of error concerns the admission of evidence by the trial court that plaintiff received a bonus for taking early retirement and was receiving retirement benefits. Plaintiff contends the admission of this evidence violates the collateral source rule. We disagree. The collateral source rule provides:

> It is well established in this jurisdiction that evidence of a plaintiff's receipt of benefits for his or her injury or disability from sources collateral to defendant generally is not admissible. This principle is known as the collateral source rule. Our courts have invoked this doctrine to exclude evidence of workers' compensation benefits. *Spivey v. Wilcox Company*, 264 N.C. 387, 141 S.E. 2d 808 (1965); evidence that plaintiff's medical expenses had been paid by his employer as the result of hospital insurance carried for the benefit of its employees; *Young v. R.R.*, 266 N.C. 458, 146 S.E. 2d 441 (1966); and evidence that plaintiff received sick leave pay, *Fisher v.*

---

---

*Thompson,* 50 N.C. App. 724, 275 S.E. 2d 507 (1981); *Marley v. Gantt,* 72 N.C. App. 200, 323 S.E. 2d 725 (1984); *Andrews v. Peters,* 75 N.C. App. 252, 330 S.E. 2d 638, *disc. rev. denied,* 315 N.C. 182, 337 S.E. 2d 65 (1985).

*Cates v. Wilson,* 83 N.C. App. 448, 452, 350 S.E. 2d 898, 901 (1986). Generally, courts which have addressed the issue include pension or retirement benefits within the collateral source rule. *See Annot.,* 47 A.L.R. 3d 234 (1973), and *Annot.,* 75 A.L.R. 2d 885 (1961). The rationale of the collateral source rule is "[a] tort-feasor should not be permitted to reduce his own liability for damages by the amount of compensation the injured party receives from an independent source." *Fisher v. Thompson,* 50 N.C. App. 724, 731, 275 S.E. 2d 507, 513 (1981).

We need not decide, however, whether the retirement benefits here fall under the collateral source rule, for the evidence of the retirement bonus and benefits was not offered in mitigation of damages. Rather, the evidence was offered to show that the reason plaintiff took early retirement was not because of the accident but because of the economic incentives his employer offered for his retiring early. We hold that the evidence was properly admitted to impeach plaintiff's testimony that he retired because the injuries he suffered as a result of the accident left him unable to do his job as a telephone cable repairman. *See Jackson v. Sabuco,* 21 Mich. App. 430, 175 N.W. 2d 532 (1970). We note, however, that the trial court properly excluded evidence of the amount of such benefits.

Plaintiff's remaining assignments of error concern the trial court's jury instructions. First, plaintiff contends the trial court erred in failing to instruct the jury to exclude from its consideration that plaintiff had received retirement benefits and in affirmatively charging that plaintiff had received some retirement benefits. The trial court charged the jury, in pertinent part, that:

Damages for personal injury include such amount as you find, by the greater weight of the evidence, is fair compensation to the Plaintiff for loss of time, or loss from inability to perform ordinary labor, or reduced capacity to earn money, which are immediate and necessary consequences of the injury.

In determining this amount you are to consider the evidence as to the Plaintiff's age and occupation; the nature and extent of Plaintiff's employment; the amount of Plaintiff's income, at the time of the injury, from fixed salary or wages.

*There has been some evidence that Plaintiff is now receiving retirement benefits. I instruct you that you are not to speculate on the amount of these benefits or consider them in arriving at any damages awarded for loss of earnings. Instead, you are to be governed by the rules I have just given you.* (Emphasis added.)

In light of our resolution of the collateral source rule issue, we find no error in this instruction.

Next, plaintiff contends that the trial court erred in failing to instruct the jury that it could award plaintiff damages for partial loss of use of his back. There was evidence that plaintiff suffered a ten percent permanent partial disability of his back as a result of the accident. Plaintiff requested the trial court give N.C.P.I. Civil 810.35 on loss of use of part of the body. The trial court refused to give the requested instruction. We have reviewed the instruction given and find that the instruction given on recovery of damages for permanent injury adequately covered the requested instruction. The trial court was not required to give an instruction in the exact language of the request. *State v. Richardson*, 295 N.C. 309, 245 S.E. 2d 754 (1978). Rather, it must cover the requested instruction in substance if it is a correct statement of the law and supported by the evidence. *State v. Corn*, 307 N.C. 79, 296 S.E. 2d 261 (1982).

Finally, the plaintiff contends the trial court erred in failing to instruct the jury that it could award plaintiff sums for future pain and suffering and future medical expenses. With respect to future pain and suffering and future medical expenses plaintiff did not object at trial to the instruction given, as is required by North Carolina Rules of Appellate Procedure, Rule 10(b)(2). Thus, plaintiff is precluded from raising this issue on appeal. *Lowder v. All Star Mills, Inc.*, 75 N.C. App. 233, 330 S.E. 2d 649, *disc. rev. denied*, 314 N.C. 541, 335 S.E. 2d 19 (1985). We note, however, that the trial court instructed the jury that a person whose injuries were proximately caused by an accident is entitled to recover in a lump sum for damages past, present, and prospective,

including medical expenses. Furthermore, plaintiff presented no evidence of future medical expenses. We find no merit to plaintiff's argument.

No error.

Judges BECTON and JOHNSON concur.