CARAH E. LASSITER v. J. H. ADAMS, ADMINISTRATOR OF A. G. ADAMS ET AL.

(Filed 6 March, 1929.)

1. **Municipal Corporations—Officers, Agents and Employees—Personal Liability of Officers.**

   Public road officials of a township may not be held personally liable for their official acts in the absence of allegations that the acts were done maliciously or corruptly.

2. **Pleadings—Demurrer—When Demurrer May Be Pleaded.**

   Objections to the sufficiency of the complaint to state a cause of action may be taken at any time in the orderly progress of the trial, or in the Supreme Court, or the Court may *ex mero motu* take notice of the insufficiency.

APPEAL by plaintiff from *Daniels, J.,* at September Term, 1928, of JOHNSTON. Affirmed.

HARDISON v. JONES.

○  · A. M. Noble for plaintiff.
James D. Parker for defendants.

PER CURIAM. It is admitted in the answer and set out in the judgment that the defendants at the time of the alleged trespass were acting in their capacity as road commissioners of Bentonville Township. There is no allegation that they acted maliciously or corruptly. *Hipp v. Ferrall,* 169 N. C., 551; S. c., 173 N. C., 167. The judgment contains the further recital that the action was instituted against public road officials; that more than six months intervened between the completion of the road and the commencement of the action; that the plaintiff knew· within two months of the completion of the road that it had been laid out and opened, and that it has been accepted and is now used by the county authorities. C. S., 3667. On motion of the defendants the court dismissed the action. The judgment is affirmed. An objection that the complaint does not state a cause of action may be taken advantage of at any time. In such case the defendant may demur *ore tenus* or the Supreme Court of its own motion may take notice of the insufficiency. *Johnson v. Finch,* 93 N. C., 205; *Garrison v. Williams,* 150 N. C., 674; *McDonald v. MacArthur,* 154 N. C., 122.

Affirmed.