FRED C. HILL v. CAROLINA FREIGHT CARRIERS CORPORATION.

(Filed 11 June, 1952.)

1. **Courts § 15—**

In an action instituted in this State to recover damages resulting from a collision which occurred in another state, the substantive law of such other state controls.

2. **Carriers § 5: Master and Servant § 4a: Automobiles § 24b—**

Under a "trip lease agreement" for the operation of a vehicle under the franchise and license plates of lessee in fulfillment of lessee's contracts for transportation of freight in interstate commerce, *held* in those instances in which the lessor owner elects to drive the vehicle himself, he is an employee of the franchise carrier in regard to the consignor, the consignee, and third parties generally, and also in regard to the franchise carrier as far as his personal operation of the vehicle is concerned, but in regard to damage to his vehicle he is a bailor operating under a contract which makes him an independent contractor.

3. **Automobiles § 24b: Master and Servant § 19—**

In an action by the owner-lessor of a vehicle under a "trip lease agreement" in interstate commerce to recover for damages to his vehicle from a collision caused by the negligence of the driver of another vehicle of the franchise carrier, *held* the fellow servant doctrine has no application and cannot constitute a defense.

4. **Same: Carriers § 5: Indemnity § 2a—**

A provision in a "trip lease agreement" of a vehicle for a trip in interstate commerce that lessor-owner should assume all loss through fire, theft, and collision to his vehicle, *held* no defense to an action by the lessor-owner to recover for damages to the vehicle caused by the negligence of an employee operating another vehicle of the franchise carrier.

5. **Indemnity § 2a: Contracts § 7e—**

A contract indemnifying a party for damage to property caused by negligence will be strictly construed, and will not indemnify him for damages caused by his own negligence or the negligence of his employees unless the language of the contract clearly indicates that the parties so intended, taking into consideration the circumstances surrounding the parties and the object in view which induced them to make the agreement.

6. **Contracts § 7e—**

Contracts which seek to exculpate one of the parties from liability for his own negligence are not favored by the law, and will be strictly construed against the party asserting it.

7. **Same—**

A common carrier cannot contract against its own negligence in the regular course of its business or in performing one of its duties of public service, and therefore provision in a "trip lease agreement" that lessee, a franchise carrier in interstate commerce, should not be liable for damage resulting to the vehicle through negligence cannot exculpate the carrier

from liability for such damage if caused by negligence of itself or one of its employees while transporting goods in interstate commerce.

APPEAL by plaintiff from *Nettles, J.,* February Term, 1952, STANLY. Reversed.

Civil action to recover compensation for damages to an automotive tractor heard on motion for judgment on the pleadings.

Defendant is a common carrier of merchandise in interstate commerce under an I.C.C. franchise. It conducts a part of its business under trip-lease contracts with individual owners of tractors and trailers. On 12 February, 1951, plaintiff entered into a contract with defendant under the terms of which he leased an automotive tractor owned by him to defendant. The contract contained the usual trip-lease contract provisions giving defendant control of the vehicle and its operation while used in transporting merchandise for defendant in conformity with the requirements of the I.C.C. In particular it contained a provision as follows: "The party of the second part will bear the expense of all losses thru fire, theft & collision to said motor vehicle and Carolina Freight Carriers Corp. is not responsible for any of the above said losses."

On the night of 24 February 1951, plaintiff was operating his tractor, to which was attached a trailer belonging to defendant, in a northerly direction on U. S. Highway 25 in the State of Georgia on a trip under his said contract. One Brown was at the same time operating a tractor leased by defendant from its owner. A trailer belonging to defendant was attached. Brown was at the time on a trip for defendant under a trip-lease contract. A third party was also operating a tractor-trailer for defendant along with the other two.

Plaintiff alleges that Brown was traveling to his rear; that as he (plaintiff) approached and was rounding a curve, Brown undertook to pass him at a time when an oncoming vehicle rendered it impossible to pass in safety; and that Brown drove his vehicle into and against plaintiff's tractor, thereby forcing plaintiff off the road and inflicting substantial damage to his tractor. He also pleads special damages caused by the loss of the use of his tractor. Negligence is sufficiently alleged.

The defendant, answering, admits the allegations in respect to the ownership and operation of the two tractor-trailers, denies the allegations of negligence and pleads as affirmative defenses (1) that plaintiff and Brown were fellow servants, and (2) plaintiff by his contract assumed all responsibility for damages to his tractor caused by negligence and expressly agreed that defendant should not be responsible therefor.

At the February Term, 1952, Stanly County Superior Court, defendant moved for judgment on the pleadings. The motion was allowed and judgment was entered dismissing the action. Plaintiff excepted and appealed.

*D. A. Rendleman and Morton & Williams for plaintiff appellant.*
*Don A. Walser for defendant appellee.*

BARNHILL, J.   Defendant asserts two affirmative defenses, either one of which, if well founded, would, on the facts admitted in the pleadings, bar plaintiff's right to recover. This is true unless, as contended by plaintiff, the master is not protected under the fellow servant doctrine against liability for damages to the personal property of his servant caused by the negligent act of a fellow servant committed in the course, and in the furtherance, of his master's business. This necessitates a discussion of both defenses to the end that we may answer the two questions posed for decision: (1) Were the plaintiff and Brown, the operator of the truck which collided wtih plaintiff's tractor, fellow servants; and (2) does the trip-lease contract between plaintiff and defendant, fairly and correctly construed, exculpate defendant from liability for damages proximately caused by one of its employees while about his master's business?

The mishap out of which this action arose occurred in Georgia. Hence plaintiff seeks to enforce in the courts of this State a cause of action which arose in that State. His right of action depends upon and is controlled by the substantive law of that State.

In Georgia the fellow servant doctrine has been reduced to statutory form. Georgia Code of 1933, sec. 66-304, provides: "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business."

In interpreting and applying this statute, the Supreme Court of Georgia has expressly rejected the consociation or departmental limitation now engrafted on the doctrine by modern decisions and apparently adheres to the general rule as originally formulated. *Georgia Coal & Iron Co. v. Bradford,* 62 S.E. 193 (Ga.); *Holliday v. Transp. Co.,* 132 S.E. 210 (Ga.). Therefore, we may concede, without deciding, that plaintiff, as operator of his tractor, and Brown were coemployees and, being coemployees, were fellow servants.

The Georgia Code, sec. 66-302, further provides that: "All contracts between master and servant, made in consideration of employment, whereby the master is exempted from liability to the servant arising from the negligence of the master or his servants, as such liability is fixed by law, shall be null and void, as against public policy."

So then, if plaintiff and Brown were fellow servants, the exculpatory provisions in the contract are void and unenforceable.

Thus it becomes essential to determine whether plaintiff's cause of action and the rights he now asserts arose out of the master-servant relation.

The contract between plaintiff and defendant is of a hybrid nature. It is labeled "A TRIP LEASE AGREEMENT." In form, in part at least, it purports to create a bailment for hire. The lessor is to "deliver" the leased vehicle to the lessee who "is to have exclusive possession and control" for operation under his exclusive supervision. As actually performed by the parties in accord with some of its other terms, the leased vehicle remained in the custody of the lessor or owner and was to be operated by him or by one of his own choosing, on a point-to-point trip, for a stipulated consideration. The plaintiff was to make "deliveries and pick-ups according to CFCC dispatchers instructions from trip to trip." He determined the number of helpers to be employed, he assumed responsibility for overloads, improper tags, the actual operation as to speed and the like, losses from fire, theft, or collision, and he was to be paid a per-trip stipend for the use of his vehicle and driver.

Hence, as between the plaintiff and the defendant, purely in respect to their mutual contractual rights and liabilities, one to the other, the owner of the vehicle occupied the position of independent contractor. *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137; *Bass v. Wholesale Corp.,* 212 N.C. 252, 193 S.E. 1; *Hudson v. Oil Co.,* 215 N.C. 422, 2 S.E. 2d 26; *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515; *U. S. v. Trucking Co.,* 141 F. 2d 655.

On the other hand, the vehicle was to be operated in interstate commerce in furtherance of the business of the lessee as a franchise carrier of freight. It was to be operated under the franchise and license plates of the lessee in fulfillment of its contracts for transportation of freight in interstate commerce. Therefore, the person who actually operated the vehicle (whether the owner or a third party hired by him) was, as between the franchise carrier and the consignor, the consignee, and third parties generally, a servant or employee of the defendant. This is true in fact for he transported cargoes in behalf of the franchise carrier and dealt with the consignors, consignees, and the public generally as agent of the franchise carrier. Furthermore, public policy requires it to be so held.

As plaintiff elected to operate his own tractor, he was, as operator, a servant of defendant. *Brown v. Truck Lines,* 227 N.C. 299, 42 S.E. 2d 71; *Roth v. McCord,* 232 N.C. 678, 62 S.E. 2d 64; *Greyvan Lines v. Harrison,* 156 F. 2d 412, affd. 331 U.S. 704, 91 L. Ed. 1757.

That is to say, the relation of independent contractor was created by the contract. The master-servant relation arose when plaintiff—in lieu of employing someone else—undertook to operate the tractor-trailer for defendant in fulfillment of his contract. One is entirely dependent upon, and the other is entirely independent of, the contract.

The plaintiff's cause of action did not arise out of and does not rest upon the master-servant relation created when he became the operator of

the tractor he had "let" to defendant. He sues as owner of the tractor. In respect to this action he is in the same position he would have been had he employed some third party to operate the vehicle. Had he employed someone else to operate the tractor, it could not then have been said that he was an employee of defendant. He would have been nothing more than a bailor operating under a contract which made him an independent contractor. For the purpose of determining the relative rights and liabilities of the parties involved in this litigation, that is his status in this action.

It follows that the fellow servant doctrine has no application here and constitutes no valid defense to plaintiff's action.

Brown, as operator of the vehicle which collided with plaintiff's tractor, was an employee of defendant. *Brown v. Truck Lines, supra; Roth v. McCord, supra*. Conceding that his negligence proximately caused the damages to the tractor for which plaintiff seeks to recover, does the provision in the contract that plaintiff "will bear . . . all losses thru . . . collision to said motor vehicle" exculpate defendant and relieve him of all liability therefor?

The question must be answered in the negative for two reasons: (1) the language used does not clearly indicate that the parties so intended; and (2) if the parties so intended it would be contrary to established public policy to permit a common carrier to contract against liability for damages caused by the negligence of its own employees while engaged in operating its vehicles used in interstate commerce.

In evaluating the force and effect of the contract provision, it is essential that we take into consideration the circumstances surrounding the parties and the object in view which induced the making of it. *Slocumb v. R. R.*, 165 N.C. 338, 81 S.E. 335; *Terminal R. Asso. v. Ralston-Purina Co.*, 180 S.W. 2d 693; *Elevator Co. v. Building Corp.*, 63 N.E. 2d 411, affd. 70 N.E. 2d 604; Anno. 175 A.L.R. 30.

The motivating reason why the parties stipulated that the owner should bear all damages caused by collision would seem to be clear. While "exclusive supervision and control" of the vehicle was vested in the defendant for the purpose of meeting the requirements of the I.C.C., actual possession or custody thereof was retained by plaintiff. It was to be operated by one of his choosing and in the selection of whom defendant had no part. Immediate control and supervision as to speed, manner of operation, hours of work, and the like necessarily remained with plaintiff. The tractor was to be operated on the public highways in interstate commerce where want of due care on the part of the operator selected by plaintiff or of some third party motorist might well produce damage to the vehicle. But this does not warrant the conclusion the parties intended

that plaintiff should assume responsibility for damages to the vehicle resulting from the negligence of defendant or its employees.

Contracts which seek to exculpate one of the parties from liability for his own negligence are not favored by the law. *Gulf Compress Co. v. Harrington*, 119 S.W. 249; *Warehouse Co. v. Munger*, 77 P. 5. Hence it is a universal rule that such exculpatory clause is strictly construed against the party asserting it. *Luedeke v. R. Co.*, 231 N.W. 695, 71 A.L.R. 912; *Crew v. Bradstreet Co.*, 19 A. 500. It will never be so construed as to exempt the indemnitee from liability for his own negligence or the negligence of his employees in the absence of explicit language clearly indicating that such was the intent of the parties. *Fisk Tire Co. v. Hood Coach Lines*, 188 S.E. 57 (Ga.); *Griffiths v. Broderick*, 182 P. 2d 18, 175 A.L.R. 1; Anno. 175 A.L.R. 30; *Elevator Co. v. Building Corp., supra; Gross v. General Inv. Co.*, 259 N.W. 557; *Thompson-Starrett Co. v. Otis Elevator Co.*, 2 N.E. 2d 35; *Perry v. Payne*, 66 A. 553, 11 L.R.A. N.S. 1173, Anno. 11 L.R.A. N.S. 1174; *Schwartz v. Constr. Corp.*, 48 N.E. 2d 299; 38 A.J. 649, sec. 8; 42 C.J.S. 583.

The language used in the contract does not explicitly exempt defendant from liability for damages to the tractor proximately caused by the negligence of one of its employees. Strictly construed it will not permit—indeed it repels—the conclusion the parties so intended.

In view of our interpretation of the language used, it is needless for us to discuss at length the invalidity of the provision for that it is contrary to public policy. Suffice it to say that defendant is a common carrier, and a public service corporation cannot contract against its own negligence in the regular course of its business or in performing one of its duties of public service. *Insurance Asso. v. Parker*, 234 N.C. 20; *Slocumb v. R. R., supra; Singleton v. R. R.*, 203 N.C. 462, 166 S.E. 305. A party may not protect himself by contract against liability for negligence in the performance of a duty of public service or where a public duty is owed or public interest is involved or where public interest requires the performance of a private duty. *Insurance Asso. v. Parker, supra;* Anno. 175 A.L.R. 14.

Defendant, as a franchise carrier of freight, operates its tractor-trailers upon the public highways. The law imposes upon it and its employees the positive duty to observe the statutory rules of the road and operate the vehicles at all times with due care and caution. *Martin v. Waltman*, 61 S.E. 2d 214 (Ga.); *Williams v. Henderson*, 230 N.C. 707, 55 S.E. 2d 462. This is a duty against which the defendant may not protect itself by contract, for it is a duty imposed by law for the protection of the public. *Singleton v. R. R., supra; Slocumb v. R. R., supra;* 12 A.J. 683, sec. 183.

It follows that this provision, in any event, is unenforceable as a defense to the plaintiff's cause of action.

For the reasons stated the judgment entered in the court below is Reversed.