ROY G. HALL v. SINCLAIR REFINING COMPANY, INC.

(Filed 12 October, 1955.)

**1. Contracts § 7e—**

> While contracts exempting persons from liability for negligence are not favored by the law and are to be strictly construed against those relying thereon, such contracts are valid and enforceable unless contrary to some rule of law or public policy.

**2. Same—**

> The general rule that the freedom to contract includes the right to provide contractual exemption from liability for negligence in the performance of a legal duty arising out of the contract, is subject to the limitations that a party may not exempt himself from liability for negligence in the performance of a duty owed to the public or involving the public interest, or

where the public interest requires the performance of a private duty, or where the parties do not have equality of bargaining power so that the one must accept the exemption from liability by the other in order to obtain something of importance to him, which for all practical purposes is not obtainable elsewhere.

**3. Same: Pleadings § 19c—Repugnant allegations neutralize each other, and pleading is demurrable when this results in failure to state cause of action.**

Plaintiff service station operator sued to recover for damages caused by leakage of gasoline from underground tank and pumping equipment installed by defendant, allegedly resulting from negligence in the installation of the equipment and failure to make repairs. By amendment, contractual provisions were incorporated into the complaint which stipulated that plaintiff was to maintain the tank and pumping equipment in good condition and repair same, and was to indemnify, protect and save harmless defendant from any loss or damage resulting from any leakage caused by installation or maintenance, whether due to negligence or otherwise: *Held:* The contractual provisions incorporated in the complaint neutralized the allegations of the original complaint, and defendant's demurrer *ore tenus* for failure of the amended complaint to state a cause of action was properly allowed, plaintiff having failed to bring himself within any of the recognized limitations upon the general rule permitting a party to exempt himself from liability for negligence.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Parker, J.,* at 28 March, 1955, Term of SAMPSON.

*R. Maurice Holland and Nance & Barrington for plaintiff, appellant.*
*Butler & Butler for defendant, appellee.*

JOHNSON, J.  This is a civil action brought by the owner-operator of a service station to recover damages for leakage of gasoline from underground tank and pumping equipment installed by the defendant refining company. The case was heard below on defendant's demurrer *ore tenus* to the complaint and motion for judgment on the pleadings.

It may be conceded for purpose of decision that the complaint as originally filed is sufficient to allege actionable negligence against the defendant, both in respect to the installation of the equipment and for failure to make repairs.

The defendant, answering, denied the material allegations of the complaint and set up in bar of plaintiff's right of recovery the Equipment Rental Agreement and the delivery receipts executed by the plaintiff prior to installation of the tank and pumping equipment. By the terms of these instruments the plaintiff agreed to sell the gasoline and

oil products of the defendant refining company, and the defendant agreed to furnish and install the tank and pumping equipment on a rental basis. These stipulations are embodied in the instruments:

1. "Customer (plaintiff), . . . hereby releases, relinquishes and discharges, and agrees to indemnify, protect and save harmless, Sinclair (defendant), . . . from any and all claims, demands and liability for any loss, damage, or injury, . . . to persons (whether they be third persons, Customer, or employees of either of the parties hereto) and to property (whether it be that of either of the parties hereto or of third persons), by reason of any leakage, . . . from any such equipment or any part thereof, . . . or by reason of any defect in the construction or installation of such equipment, . . . or by reason of any other casualty, whether due to the negligence of Sinclair (defendant) or otherwise."

2. "Customer (plaintiff) hereby agrees that it will, . . . maintain such equipment in good condition and repair and pay all costs and expenses in connection therewith; . . ."

After the defendant's answer was filed, the case took this novel procedural turn: The plaintiff moved the court that the exhibits attached to the answer, including the Equipment Rental Agreement and the delivery receipts, be "incorporated into and made a part of the complaint." The motion was allowed. The defendant then demurred *ore tenus* to the complaint as amended for failure to state facts sufficient to constitute a cause of action, and also moved the court for judgment on the pleadings. The court below sustained the demurrer, allowed the motion, and entered judgment dismissing the action.

The plaintiff's appeal presents this question for decision: Do the agreements signed by the plaintiff exempt the defendant from liability for the negligence alleged in the complaint?

While contracts exempting persons from liability for negligence are not favored by the law, and are strictly construed against those relying thereon (*Hill v. Freight Carriers Corp.*, 235 N.C. 705, 71 S.E. 2d 133), nevertheless, the majority rule, to which we adhere, is that, subject to certain limitations hereinafter discussed, a person may effectively bargain against liability for harm caused by his ordinary negligence in the performance of a legal duty arising out of a contractual relation. *Slocumb v. R. R.*, 165 N.C. 338, 81 S.E. 335; *Singleton v. R. R.*, 203 N.C. 462, 166 S.E. 305; *Burnett v. Texas Co.*, 204 N.C. 460, 168 S.E. 496; *Hill v. Freight Carriers Corp., supra;* Corbin on Contracts, Section 1472; Prosser, Law of Torts (Hornbook), p. 305; Restatement, Contracts, Sections 574 and 575.

The general rule rests on the broad policy of the law which accords to contracting parties freedom to bind themselves as they see fit, subject, however, to the qualification that contractual provisions violative

of the law or contrary to some rule of public policy are void and unenforceable. Under application of the foregoing qualification, "the courts are in complete accord in holding that a public service corporation or a public utility cannot contract against its negligence in the regular course of its business or in performing one of its duties of public service. The limitation is likewise uniformly applied to certain relationships such as that of master and servant." *Insurance Asso. v. Parker*, 234 N.C. 20, 22, 65 S.E. 2d 341, 342.

Also, by the weight of authority the general limitation on the contractual right to bargain against liability for negligence embraces the principle "that a party cannot protect himself by contract against liability for negligence in the performance of a duty of public service, or where a public duty is owed, or public interest is involved, or where public interest requires the performance of a private duty." *Insurance Asso. v. Parker, supra.*

A comprehensive monograph on the subject at hand appears in 175 A.L.R., p. 1 *et seq.* This treatise, based on a collation of numerous decided cases from many jurisdictions, discloses that the trend of modern decision is toward placing further limitations on the general rule which allows contractual exemption from liability for negligence. This trend of decision derives from a liberalization of the judicial concept of what constitutes sound public policy.

Also, closely related to the public policy test of determining the validity of these exemption clauses is the factor, applied in some decisions, of giving consideration to the comparable positions which the contracting parties occupy in regard to their bargaining strength, *i.e.,* whether one of the parties has unequal bargaining power so that he must either accept what is offered or forego the advantages of the contractual relation in a situation where it is necessary for him to enter into the contract to obtain something of importance to him which for all practical purposes is not obtainable elsewhere. 12 Am. Jur., Contracts, Sec. 183; Annotation: 175 A.L.R. 1, at p. 16. See also Williston on Contracts (Revised Edition), Sec. 1751C.

The test of relative bargaining power as a relevant factor in determining exemption is recognized in our recent decision in *Insurance Asso. v. Parker, supra* (234 N.C. 20). It is there said in the first paragraph of the opinion: "A provision in a contract seeking to relieve a party to the contract from liability for his own negligence may or may not be enforceable. It depends upon the nature and the subject matter of the contract, the relation of the parties, the presence or absence of equality of bargaining power and the attendant circumstances."

In the case at hand we have contractual provisions by which the plaintiff in clear, unambiguous language contracted to (1) maintain the

tank and pumping equipment in good condition and repair, and (2) "indemnify and save harmless" the defendant from any loss or damage caused by any "leakage" resulting from the installation or use of the same, whether due to negligence or otherwise.

The plaintiff makes no claim that the contract was executed by mistake or induced by fraud or oppression, nor do the plaintiff's allegations raise the question of unequal bargaining power between the parties. He has failed to bring himself within any of the recognized limitations upon the rule which permits exemption from liability for negligence. On the contrary, it is manifest that the plaintiff has effectively bargained against liability for all the elements of damage which he alleges in his original complaint were caused by the defendant.

The contracts, incorporated in the complaint by amendment, have neutralized the allegations of the original complaint and put to naught the cause of action asserted therein. See *Lindley v. Yeatman*, 242 N.C. 145, 87 S.E. 2d 5. Such variance or defect may be raised by demurrer. *Sabine v. Gill, Comr. of Revenue*, 229 N.C. 599, top p. 603, 51 S.E. 2d 1, top p. 3; *Laurel Cliffs Mfg. & Distributing Co. v. Pritchard*, 255 Ky. 762, 75 S.W. 2d 491.

The judgment below dismissing the action will be upheld. It is so ordered. See *Lindley v. Yeatman, supra; Dillingham v. Kligerman*, 235 N.C. 298, 69 S.E. 2d 500; *Lassiter v. Adams*, 196 N.C. 711, 146 S.E. 808; McIntosh, North Carolina Practice and Procedure, p. 447.

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.