373 S.E.2d 463 (1988)
92 N.C. App. 59
Frances I. ALSTON
v.
Ray MONK, Rovetta Allen, and Grady Perkins, d/b/a Raleigh Institute of Cosmetology.
No. 8810SC229.
Court of Appeals of North Carolina.
November 15, 1988.
*465 Kirk, Gay, Kirk, Gwynn & Howell by Philip G. Kirk and Joseph T. Howell, Wendell, for plaintiff-appellee.
Yeargan, Thompson & Mitchiner by W. Hugh Thompson, Raleigh, for defendants-appellants.
EAGLES, Judge.
Defendants here present numerous assignments of error and argue they are entitled to a new trial. After a careful review of the record we disagree and affirm the trial court's judgment.
By defendants' first assignment of error they contend that denial of their motions to dismiss at the close of plaintiff's evidence and at the close of all the evidence was error. We disagree.
By presenting evidence on their own behalf, defendants waived their motion to dismiss made at the close of plaintiff's evidence. Overman v. Products Co., 30 N.C. App. 516, 227 S.E.2d 159 (1976). Defendants properly renewed their motion at the close of all the evidence and asserted that plaintiff either assumed the risk or was contributorily negligent as a matter of law. The trial court denied defendants' motion.
Here defendants failed to properly plead contributory negligence as an affirmative defense. G.S. 1A-1, Rule 8(c). This failure would ordinarily result in a waiver of the defense, but we have held that the parties may still try the unpleaded issue by implied consent. Nationwide Mut. Insur. Co. v. Edwards, 67 N.C.App. 1, 312 S.E.2d 656 (1984). Since there was no objection when the trial court submitted the issue of contributory negligence to the jury, we hold that contributory negligence was tried by the implied consent of the parties.
The question presented by defendants' motion for a directed verdict is whether the evidence, in the light most favorable to the plaintiff, is sufficient to be submitted to the jury. Kelly v. Harvester Co., 278 N.C. 153, 179 S.E.2d 396 (1971). As a general rule, a directed verdict motion should not be granted in a negligence action. Alva v. Cloninger, 51 N.C.App. 602, 277 S.E.2d 535 (1981). On the other hand, a directed verdict against plaintiff should be granted if plaintiff fails to establish the elements of her case, McMurray v. Surety Federal Savings & Loan Assoc., 82 N.C. App. 729, 348 S.E.2d 162 (1986), cert. denied, 318 N.C. 695, 351 S.E.2d 748 (1987), or if the evidence presented clearly establishes *466 plaintiff's contributory negligence and no other reasonable inference may be drawn. Daughtry v. Turnage, 295 N.C. 543, 246 S.E.2d 788 (1978).
Defendants claim that plaintiff, as a matter of law, was either contributorily negligent or assumed the risk. They argue that plaintiff was contributorily negligent in that she knew she was supposed to have a patch test done and yet failed to do so. The purpose of the patch test is to determine whether plaintiff might have an adverse reaction to the chemicals in the hair dye. In the light most favorable to the plaintiff, the evidence here showed that plaintiff did not know anything about a patch test until after she went to the Institute on 28 March 1985. Accordingly, we cannot say that plaintiff's actions constituted contributory negligence as a matter of law.
Defendants' assumption of the risk claim arises from their contention that plaintiff knew the inherent risks involved when she hired defendant who used students to color and style her hair. However, both plaintiff's allegations and her testimony assert that defendants Monk and Allen themselves, not a student, colored her hair. Defendants claim that a student did the work on plaintiff's hair under the supervision of defendants Monk and Allen. From this record, we cannot say that as a matter of law plaintiff is barred by assumption of the risk.
As an alternative basis for relief here, defendants argue that the trial court erred in refusing to give defendants' requested instructions on the issue of contributory negligence and in refusing to charge the jury on the issue of release. We disagree.
Any party may make a written request for special jury instructions. G.S. 1A-1, Rule 51(b). The trial court need not give special instructions exactly as requested by a party so long as the court's charge, taken as a whole, conveys the substance of the necessary requested instructions. Anderson v. Smith, 29 N.C.App. 72, 223 S.E.2d 402 (1976). Here the trial court's instruction told the jury that it was for them to determine whether or not failing to have a patch test done constituted negligence on the part of the plaintiff. This instruction, though stated differently, conveys the substance of defendants' requested instruction. White v. Lowery, 84 N.C. App. 433, 352 S.E.2d 866, disc. rev. denied, 319 N.C. 678, 356 S.E.2d 786 (1987).
Defendants argue that plaintiff signed a written release before accepting the Institute's services and that the release bars plaintiff's claim. The trial court refused to charge the jury on the issue of release stating that defendants did not properly raise the issue in their answer. Even though the trial court erred when it commented, outside the presence of the jury, that defendants had not raised the issue of release, we hold that these defendants may not contract away their duty of reasonable care.
A release defense is an affirmative defense which must be specially pleaded and on which defendants have the burden of proof. Lyon v. Shelter Resources Corp., 40 N.C.App. 557, 253 S.E.2d 277 (1979). Furthermore, the courts do not favor releases from one's own negligence. Johnson v. Dunlap, 53 N.C.App. 312, 280 S.E.2d 759 (1981), cert. denied, 305 N.C. 153, 289 S.E.2d 380 (1982). While recognizing the right to contract against liability, our courts have stated "that a party cannot protect himself by contract[ing] against liability for negligence in the performance of a duty of public service, or where a public duty is owed, or public interest is involved." Hall v. Refining Co., 242 N.C. 707, 710, 89 S.E.2d 396, 398 (1955).
We note that the practice of cosmetology and instruction leading to licenses in cosmetology involves the use of hazardous chemicals which may adversely affect the health of any customer. Consequently, our General Assembly extensively regulates the practice of cosmetology and prescribes extensive education and training requirements. G.S. 88-1, et seq. A registered cosmetologist must have successfully completed many hours of education in an approved school and much practical training in the field. Additionally, to be licensed *467 they must pass an examination administered by the State Board of Cosmetic Art Examiners. The practice of cosmetology and the education of students in this field may affect the health of the general public. Accordingly, we hold that the Institute and its employees may not contract with their customers in a manner that would absolve themselves from their duty to use reasonable care.
Defendants next assign as error the trial court's admission during plaintiff's rebuttal of a photograph of plaintiff which had not been listed in the pretrial order. We find this assignment of error to be without merit.
A pretrial order controls the subsequent course of trial unless modified by the trial court in order to prevent manifest injustice. G.S. 1A-1, Rule 16; Gilbert v. Thomas, 64 N.C.App. 582, 307 S.E.2d 853 (1983). However, admission of evidence not delineated in the pretrial order is within the sound discretion of the trial court. See Lay v. Mangum, 87 N.C.App. 251, 360 S.E. 2d 481 (1987).
In an attempt to diminish plaintiff's claim for damages defendants presented evidence which suggested that even before her treatment at the Institute plaintiff's hair was so thin that her scalp could be seen. In rebuttal plaintiff submitted a photograph of herself taken before the incident. We see no abuse of discretion by the trial court in allowing the photograph into evidence.
By their third assignment of error defendants claim that the trial court erred in excluding from the jury's consideration a portion of defendants' cross-examination of plaintiff. The portion excluded questioned plaintiff's relationship with a potential witness, Charles Harris, which defendants claim would show that Harris' testimony might be biased.
While defendants are allowed wide latitude on cross-examination, the trial court may still limit cross-examination when the matters sought to be inquired into are only marginally relevant. State v. Newman, 308 N.C. 231, 302 S.E.2d 174 (1983). Here defendants attempted, through cross-examination of plaintiff, to impeach a witness who had not yet testified. In fact, at that point in the trial there was no guarantee that plaintiff would call Harris as a witness. Once Harris took the stand, attempts to impeach his testimony would be proper; but at this stage of the trial, the relevance of the information is questionable. State v. Pearson, 24 N.C.App. 410, 210 S.E.2d 887, aff'd, 288 N.C. 34, 215 S.E.2d 598 (1975). This assignment of error is without merit.
Defendants next assign as error the trial court's refusal to permit defendant Allen, during her direct examination, to physically examine plaintiff's hair. Defendants claim the court's refusal was prejudicial in that it had allowed other witnesses to examine plaintiff's hair during the trial. This record, however, fails to indicate what defendant Allen's testimony would have been during or after her examination of plaintiff's hair. Accordingly, we are unable to determine whether the exclusion of Allen's testimony was error. Hinson v. Brown, 80 N.C.App. 661, 343 S.E.2d 284, disc. rev. denied and appeal dismissed, 318 N.C. 282, 348 S.E.2d 138 (1986). This assignment of error is overruled.
By defendants' fourth assignment of error they argue that the trial court erred by allowing the testimony of plaintiff's expert, Dr. Robert W. McDowell concerning the cause of plaintiff's baldness. Defendants further claim that without Dr. McDowell's testimony there was no evidence of causation warranting an instruction to the jury on that element of plaintiff's case. We disagree.
The following direct examination of Dr. McDowell occurred:
Q. Do you have an opinion as to what may have caused the baldness?
A. I would assume that the dye caused it.
Mr. Fellers: I'm going to object to that, Your Honor. Motion to strike.
Court: Well, objection sustained as to what he assumes.

*468 Q. Aside from an assumption, do you have an opinion as to what may have caused it?
A. In my opinion.
Mr. Fellers: I'm going to object.
Court: Objection overruled. Go ahead.
When viewed in context, it is clear that Dr. McDowell expressed that it was his opinion that the dye used in coloring plaintiff's hair caused her baldness. Accordingly, the trial court's ruling and its subsequent instruction on causation were proper.
Defendants' fifth assignment of error concerns the jury instructions. The court instructed the jury that defendants were required to use their best judgment and that failure to use their best judgment constituted negligence. Defendant now argues that the instruction was error but we note that at trial defendants failed to object to this portion of the court's charge. Accordingly, we may consider this exception only if it falls within the plain error rule. N.C.R.App.Proc. 10(b)(2); In re Will of Maynard, 64 N.C.App. 211, 307 S.E.2d 416 (1983), disc. rev. denied, 310 N.C. 477, 312 S.E.2d 885 (1984). In Wachovia Bank v. Guthrie, 67 N.C.App. 622, 313 S.E.2d 603, cert. denied, 312 N.C. 90, 321 S.E.2d 909 (1984), we held that the plain error rule was not available in civil cases. Accordingly, this assignment of error is without merit.
Defendants next assign as error the trial court's refusal to give defendants' requested instruction on avoidable consequences. Defendants argue that plaintiff presented no evidence showing that she exercised reasonable care in avoiding the loss of her hair. We disagree.
When a defendant submits a request for specific instructions which are correct and are supported by the evidence, the trial court commits reversible error in failing to submit the substance of those instructions to the jury. The Property Shop v. Mountain City Investment Co., 56 N.C.App. 644, 290 S.E.2d 222 (1982). However, the evidence here does not support an instruction on avoidable consequences. Following this incident, plaintiff went to her doctor, Dr. McDowell, and promptly thereafter to a dermatologist, Dr. Reid. No evidence presented by any party showed that plaintiff failed to follow either doctor's advice. In fact, plaintiff testified on direct examination that pursuant to her doctors' instructions she took certain medications orally and, further, applied a cream to her scalp and forehead several times daily for several days. No testimony indicates that plaintiff acted other than reasonably and pursuant to her doctors' advice in dealing with her injuries. This assignment of error is overruled.
Defendants' seventh assignment of error alleges that the trial court erred in instructing the jury that any negligence on the part of defendants Monk and Allen would be imputed to defendant Perkins as a matter of law. Instead, defendants contend the court should have given a peremptory instruction which would have allowed the jury to determine the factual issue of whether or not Monk and Allen were employed by Perkins. We disagree.
Plaintiff's complaint alleged that Perkins was doing business as the Raleigh Institute of Cosmetology and that Monk and Allen were employed there. Defendants' answers admitted each of these allegations. Having been admitted in the answer the allegations are taken as true. Markham v. Johnson, 15 N.C.App. 139, 189 S.E.2d 588, cert. denied, 281 N.C. 758, 191 S.E.2d 356 (1972). There was no need for the jury to determine facts which had been admitted in the pleadings. Accordingly, we hold that the trial court's instruction was proper.
For the foregoing reasons, we find no error in the trial court's judgment.
NO ERROR.
PHILLIPS and PARKER, JJ., concur.