R. W. BROCKWELL, PLAINTIFF v. LAKE GASTON SALES AND SERVICE, DEFENDANT

No. 919DC61

(Filed 21 January 1992)

**Bailment § 4 (NCI4th)— boat repairs—disclaimer of liability by bailee—disclaimer void**

Where defendant bailee took plaintiff bailor's boat, its contents, equipment and attachments into its sole possession in order to perform repairs on the boat in the regular course of its business, it was against public policy for defendant to attempt to exculpate itself from the duty of ordinary care it owed to plaintiff, and its liability disclaimer in its repair order was void and unenforceable as a matter of law.

**Am Jur 2d, Bailments §§ 24, 140, 142-144; Boats and Boating §§ 86, 88.**

**BROCKWELL v. LAKE GASTON SALES AND SERVICE**

[105 N.C. App. 226 (1992)]

**Liability of operator of marina or boatyard for loss of or injury to pleasure boat left for storage or repair. 44 ALR3d 1332.**

APPEAL by defendant from *Allen (Claude W., Jr.), Judge*. Judgment entered 29 August 1990 in District Court, WARREN County. Heard in the Court of Appeals 6 January 1992.

In this civil action plaintiff, bailor, seeks to recover damages in the amount of $4,321.00 from defendant, bailee, allegedly resulting from defendant's negligence.

The following facts are not controverted: On or about 27 March 1989, plaintiff took his 1987 model 200 Johnson motor and boat to defendant's place of business to be repaired. At the time of delivery to defendant, plaintiff's boat contained many items and articles of personal property including fishing gear, navigation equipment and electronic equipment.

Defendant told plaintiff that before his boat could be repaired, it would be necessary for him to sign a repair order which contained the following disclaimer:

It is understood and agreed that [defendant] assumes no responsibility whatsoever for loss or damage by theft, fire, vandalism, water or weather related damages, nor for any items of personal property left with the unit placed with [defendant] for repair, storage or sale.

The repair order was duly executed by plaintiff and indicates that he paid defendant $706.13 for the work performed on the boat.

Approximately ten (10) days after plaintiff delivered his boat to defendant, defendant called plaintiff to inform him that his boat was repaired and that "a hole was in his boat where the radio was." Plaintiff immediately went to defendant's place of business and upon inspecting his boat found the following items of personal property were missing:

| | |
|---|---|
| AM/FM radio X-3 lowrance chart | $ 400.00 |
| P H Monitor | $ 49.00 |
| 3 boxes plastic worms, waits, and hooks | $ 175.00 |
| 3 tackle boxes | $ 75.00 |
| 1 set of tools | $ 125.00 |
| 11 rods and reels | $ 600.00 |
| Baits and boxes of extra baits and gauges | $1,000.00 |

BROCKWELL v. LAKE GASTON SALES AND SERVICE

[105 N.C. App. 226 (1992)]

The judge, after a trial without a jury, made findings of fact and the following conclusions of law:

1. That the actions between the parties herein created a bailment for the mutual benefit of both plaintiff as bailor and defendant as bailee.

2. That the defendant, bailee, in this matter failed to use ordinary care to protect the property of plaintiff entrusted to him. That this lack of ordinary care constitutes negligence on the part of the defendant.

3. That such negligence on the part of defendant was a proximate cause of the loss of plaintiff's personal property that was in the boat compartments and/or attached to the boat.

4. That plaintiff was damaged by the negligence of the defendant.

From a judgment ordering that plaintiff have and recover of defendant $2,424.00 and costs, defendant appealed.

*Townsend and Bloom, by H. Lee Townsend, III, for plaintiff, appellee.*

*Clayton and Clayton, P.A., by Theaoseus T. Clayton, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

The sole question raised by this appeal is whether the trial court erred by failing to find that defendant's bailment liability to plaintiff had been expressly relieved by contract. Defendant contends the trial court erred in denying its motion for summary judgment and "directed verdict." (A motion to dismiss pursuant to N.C.R. Civ. P. 41(b) is the proper motion where the trial is before the judge without a jury.) Essentially, defendant argues the "liability disclaimer" signed by the plaintiff, bailor, is an insurmountable bar to plaintiff's claim for relief. We disagree.

As a general rule, in an ordinary mutual benefit bailment, where there is no great disparity of bargaining power, the bailee may relieve himself from the liability imposed on him by the common law so long as the provisions of the contract do not run counter to the public interest. *Insurance Assoc. v. Parker*, 234 N.C. 20, 65 S.E.2d 341 (1951). Where the public has no interest in the subject

BROCKWELL v. LAKE GASTON SALES AND SERVICE

[105 N.C. App. 226 (1992)]

matter of the contract and the contract involves only private concerns of the parties, a liability disclaimer will be enforced. *Id.*

However, some contractual provisions which attempt to avoid liability for a party's negligence which are contrary to law and against public policy are void and unenforceable. *Hall v. Refining Co.*, 242 N.C. 707, 89 S.E.2d 396 (1955); *Insurance Assoc. v. Parker, supra.*

> Many courts hold that where the bailee makes it his business to act as bailee for hire, on a uniform and not an individual basis, it is against the public interest to permit him to exculpate himself from his own negligence. And the decided trend of modern decisions is against the validity of such exculpatory clauses or provisions in behalf of proprietors of parking lots, garages, parcel check rooms, and warehouses, who undertake to protect themselves against their own negligence by posting signs or printing limitations on the receipts or identification tokens delivered to the bailor-owner at the time of bailment.

*Insurance Assoc. v. Parker,* at 23-24, 65 S.E.2d at 344.

In the present case, defendant, bailee, attempted to exculpate itself from liability for its own negligence where it "was [its] business to act as a bailee for hire on a uniform . . . basis." Defendant, bailee, took plaintiff's boat, its contents, equipment and attachments into its sole possession in order to perform repairs on the boat in the regular course of its business, and we hold it was against public policy for defendant, bailee, to attempt to exculpate itself from the duty of ordinary care it owed to plaintiff, bailor. We therefore hold the liability disclaimer in the present case is void and unenforceable as a matter of law, and the judgment for plaintiff will be affirmed.

Affirmed.

Judges WELLS and JOHNSON concur.