NO. COA14-215

NORTH CAROLINA COURT OF APPEALS

Filed:  16 September 2014

DAVID HYATT,
    Plaintiff

    v.

MINI STORAGE ON THE GREEN, DAVID B.
SMITH, AND NCI GROUP, INC. D/B/A
DOORS AND BUILDING COMPONENTS (DBCI),
    Defendants

                                 Pender County
                                 No. 09 CVS 1320

DAVID B. SMITH,
    Third-Party Plaintiff

    v.

THE ESTATE OF JOHN ALVIN ROYALL,
ROYALL COMMERCIAL CONTRACTORS, INC.
and E&S STEEL, INC.,
    Third-Party Defendants


Appeal by plaintiff from orders entered 18 July 2013 and 21 August 2013 by Judge W. Allen Cobb, Jr., in Pender County Superior Court. Heard in the Court of Appeals 5 June 2014.

> *David & Associates, P.L.L.C., by Stuart Smith; Hodges & Coxe P.C., by Bradley A. Coxe, for Plaintiff.*

> *Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Ellen P. Wortman, for Defendant Mini Storage on the Green.*

> *Wallace, Morris, Barwick, Landis & Stroud, P.A., by P.C. Barwick, Jr., Stuart L. Stroud, and Donald K. Phillips, for Third-Party Plaintiff David B. Smith.*

ERVIN, Judge.

Plaintiff David Hyatt appeals from an order entered 18 July 2013 granting summary judgment in favor of Defendant Mini

Storage on the Green and from an order entered 19 August 2013 granting summary judgment in favor of Defendant and Third-Party Plaintiff David B. Smith. On appeal, Plaintiff argues that the trial court erred by granting summary judgment in favor of Defendant Mini Storage because it breached a duty to provide renters with safe storage units and because the rental agreement between Plaintiff and Defendant Mini Storage fails to exculpate Defendant from liability for failing to provide safe storage units. In addition, Plaintiff argues that the trial court erred by granting summary judgment in favor of Defendant Smith because any assignment of the contract between Defendant Smith and Defendant Mini Storage did not relieve Defendant Smith of liability and because the completed and accepted work doctrine did not apply to the work that Defendant Smith performed on the storage units. After careful consideration of Plaintiff's challenges to the trial court's orders in light of the record and the applicable law, we conclude that the trial court's orders should be affirmed.

## I. Factual Background
### A. Substantive Facts
#### 1. Liability of Defendant Mini Storage

Defendant Mini Storage owns a storage facility located in Hampstead. On 15 October 2007, Plaintiff rented Unit No. 816 from Defendant Mini Storage pursuant to a written agreement.

The rental agreement provided, among other things, that "[l]andlord [shall not] be liable to tenant and/or tenants guest or invitees for any personal injuries sustained by tenant and/or tenants guest or invitees while on or about landlord's premises." Plaintiff admitted that he had read and signed the agreement and that he had not had any questions regarding the terms of that agreement.

On 3 July 2008, Plaintiff went to his unit to collect various personal items. After entering the unit and collecting his property, Plaintiff attempted to close the roller door to his storage unit by pulling it down. As he did so, the door became stuck. Acting on the basis of a belief that he could pull the door down past the point at which it was stuck, Plaintiff attempted to close the door with some force, at which point the door came off of its tracks and struck Plaintiff in the head, causing him to sustain personal injuries.

### 2. Liability of Defendant Mr. Smith

In 2005, Defendant Mini Storage accepted a bid from Defendant Smith in connection with the construction of Building No. 8, which consisted of 35 storage units, including Unit No. 816. On 30 December 2005, Defendant Mini Storage and Defendant Smith entered into a contract pursuant to which Defendant Smith agreed to "furnish material and labor" for the project for a

total cost of $92,000. Defendant Smith subsequently assigned his contract with Defendant Mini Storage to John Alvin Royall and Royall Commercial Contractors, Inc., for $10,000. Royall received the balance of the contract payments, which was $82,000, in return for completing the project.

### B. Procedural History

On 4 November 2009, Plaintiff filed a complaint seeking to recover damages for negligence. On 1 July 2011, Plaintiff filed an amended complaint that asserted claims sounding in breach of contract and breach of express and implied warranty against Defendant Smith and sounding in breach of express and implied warranty against NCI Group, Inc., d/b/a Doors and Building Components. Plaintiff filed a second amended complaint on 15 July 2011 and a third amended complaint on 5 October 2011. Defendant Mini Storage and Defendant Smith filed answers denying the material allegations of Plaintiff's third amended complaint and asserting various affirmative defenses on 28 October and 3 November 2011, respectively.

On 4 June 2013, Defendant Mini Storage filed a motion for summary judgment with respect to all of Plaintiff's claims. On 7 June 2013, Defendant Smith filed a motion for summary judgment as well. Defendants' summary judgment motions came on for hearing before the trial court at the 15 July 2013 civil session

of the Pender County Superior Court. On 18 July 2013, the trial court entered an order granting summary judgment in favor of Defendant Mini Storage. On 21 August 2013, the trial court entered an order granting summary judgment in favor of Defendant Smith based upon the fact that Defendant Smith had assigned his contract with Defendant Mini Storage to Royall. Plaintiff noted an appeal to this Court from the trial court's orders.[1]

## II. Substantive Legal Analysis

### A. Standard of Review

"'[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law.'" *Blackburn v. Carbone*, 208 N.C. App. 519, 525, 703 S.E.2d 788, 794 (2010) (quoting *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998)), *disc. review denied*, 365 N.C. 194, 710 S.E.2d 52 (2011). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56.

---

[1]As a result of the fact that all of the other claims that had been asserted in this case have been dismissed, the challenged trial court orders represent an appealable final judgment.

We review orders granting or denying summary judgment using a *de novo* standard of review, *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008), under which "this Court 'considers the matter anew and freely substitutes its own judgment for that of the [trial court].'" *Burgess v. Burgess*, 205 N.C. App. 325, 327, 698 S.E.2d 666, 668 (2010) (quoting *In re Appeal of the Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

### B. Defendant Mini Storage's Liability

In his brief, Plaintiff contends that the trial court erred by granting summary judgment in favor of Defendant Mini Storage on the grounds that the rental agreement between Plaintiff and Defendant Mini Storage does not absolve Defendant Mini Storage from responsibility for providing safe storage units. More specifically, Plaintiff argues that the relevant provision in the rental agreement is not sufficiently explicit to operate as a valid exculpatory clause. Plaintiff's argument lacks merit.

According to well-established North Carolina law, contracts "which exculpate persons from liability for negligence are not favored," *Johnson v. Dunlap*, 53 N.C. App. 312, 317, 280 S.E.2d 759, 763 (1981), *cert. denied*, 305 N.C. 153, 289 S.E.2d 380 (1982), and must be strictly construed against the person seeking to escape liability. *Hall v. Sinclair Ref. Co.*, 242

N.C. 707, 709, 89 S.E.2d 396, 397 (1955). "Nonetheless, such an exculpatory contract will be enforced unless it violates a statute, is gained through inequality of bargaining power, or is contrary to a substantial public interest." *Fortson v. McClellan*, 131 N.C. App. 635, 636, 508 S.E.2d 549, 551 (1998). "This principle arises out of 'the broad policy of the law which accords to contracting parties freedom to bind themselves as they see fit[.]'" *Sylva Shops Ltd. P'ship v. Hibbard*, 175 N.C. App. 423, 428, 623 S.E.2d 785, 790 (2006) (quoting *Hall*, 242 N.C. at 709, 89 S.E.2d at 397-98). "[W]hen the language of the contract and the intent of the parties are clearly exculpatory, the contract will be upheld." *Gibbs v. Carolina Power & Light Co.*, 265 N.C. 459, 467, 144 S.E.2d 393, 400 (1965). As a result, given the absence of any factual dispute concerning the nature and extent of the contractual language at issue here, the ultimate question raised by Plaintiff's challenge to the trial court's decision is the extent to which Defendant Mini Storage is entitled to judgment as a matter of law based upon the language of the rental agreement.

The relevant provision in the rental agreement between Plaintiff and Defendant Mini Storage states that "[l]andlord [shall not] be liable to tenant and/or tenants guest or invitees for any personal injuries sustained by tenant and/or tenants

guest or invitees while on or about landlord's premises." As Plaintiff concedes in his initial brief, the fact that this contractual language completely exempts Defendant Mini Storage from liability for any personal injuries that Plaintiff sustained as a result of Defendant Mini Storage's negligence while on Defendant Mini Storage's premises renders this provision exculpatory in nature.[2] In addition, despite Plaintiff's argument to the contrary, the exculpatory language contained in the rental agreement is clear, unambiguous, and enforceable. In attempting to persuade us that the relevant contractual language is not sufficiently explicit to exculpate Defendant Mini Storage from liability for the personal injuries that he sustained, Plaintiff directs our attention to a number of decisions. However, an examination of the decisions upon which Plaintiff relies demonstrates that the exculpatory

---

[2]Plaintiff clearly states in his initial brief that "the contract clause must be analyzed as an exculpatory clause." Furthermore, Plaintiff did not argue that this clause was not exculpatory at the hearing held before the trial court for the purpose of considering Defendant Mini Storage's summary judgment motion. However, Plaintiff does, for the first time, argue in his reply brief that it was not clear whether the contractual provision in question constituted an indemnity clause or an exculpatory clause. In spite of the fact that this Court "will not entertain what amounts to a new argument presented in th[e] reply brief," *Oates v. N.C. Dep't of Corr.*, 114 N.C. App. 597, 600, 442 S.E.2d 542, 544 (1994), we do believe, as Plaintiff conceded until the filing of his reply brief, that the contractual language at issue here constitutes an exculpatory, rather than an indemnity, clause.

provision contained in the agreement at issue here is more explicit than the language in any of the decisions upon which Plaintiff relies.[3]  Simply put, the exculpatory clause at issue here clearly and explicitly provides that Defendant Mini Storage would not be liable for personal injuries sustained on the premises.  Such liability could only exist in the event that Defendant Mini Storage acted negligently.  As a result, given that the exculpatory clause at issue here clearly absolved Defendant Mini Storage from personal injury claims that could

---

[3]*Winkler v. Appalachian Amusement Co.*, 238 N.C. 589, 596, 79 S.E.2d 185, 190-91 (1953) (holding that a provision to the effect that "the lessees shall, at their own cost and expense, make any and all repairs that may be necessary inside the portion of the building herein demised, excepting in the case of . . . fire," did not operate to excuse the defendant from negligence liability); *Hill v. Carolina Freight Carriers Corp.*, 235 N.C. 705, 710, 71 S.E.2d 133, 137 (1952) (holding that a provision indemnifying the defendant from "all losses thru fire, theft & collision" did not suffice to preclude negligence liability arising from the defendant's negligence); *Atlantic Contracting and Material Company, Inc. v. Adcock*, 161 N.C. App 273, 279-80, 588 S.E.2d 36, 41 (2003) (holding that language indemnifying the defendant "against all losses, damages, injuries, claims, demands and expenses" was not sufficiently explicit to be enforceable); *City of Wilmington v. North Carolina Natural Gas Corporation*, 117 N.C. App. 244, 248, 450 S.E.2d 573, 576 (1994) (holding that the contractual language upon which the defendant relied did not explicitly absolve the defendant from responsibility for its own negligence); and *Lewis v. Dunn Leasing Corporation*, 36 N.C. App. 556, 559-60, 244 S.E.2d 706, 708-09 (1978) (holding language indemnifying the defendant from "any and all claims or liability of every kind and nature" not sufficiently specific).  In each instance, the cases upon which Plaintiff relies applied to a wide range of injuries in addition to personal injuries or did not clearly indicate that negligence-based claims were excluded.

only have arisen in the event that Defendant Mini Storage had been negligent, we must next determine whether any of the exceptions to the rule providing that sufficiently clear exculpatory clauses are enforceable enunciated in *Fortson* apply.

As we have already noted, an otherwise enforceable exculpatory clause will not be enforced in the event that it "violates a statute, is gained through inequality of bargaining power, or is contrary to a substantial public interest." *Fortson*, 131 N.C. App. at 636, 508 S.E.2d at 551. As an initial matter, we note that Plaintiff has not cited any statute that is inconsistent with the exculpatory provision at issue here, and we have not located any such statute in the course of our own research. For that reason, the first *Fortson* exception does not bar enforcement of the exculpatory clause at issue here.

Secondly, we must determine if the exculpatory clause at issue here "is contrary to a substantial public interest." *Id.* "[A] party cannot protect himself by contract against liability for negligence in the performance of a duty of public service, or where a public duty is owed, or public interest is involved, or where public interest requires the performance of a private duty." *Hall*, 242 N.C. at 710, 89 S.E.2d at 398. "An activity falls within the public policy exception when the activity is extensively regulated to protect the public from danger, and it

would violate public policy to allow those engaged in such an activity to 'absolve themselves from the duty to use reasonable care.'" *Fortson*, 131 N.C. App. at 637, 508 S.E.2d at 551 (quoting *Alston v. Monk*, 92 N.C. App. 59, 64, 373 S.E.2d 463, 466 (1988), *disc. review denied*, 324 N.C. 246, 378 S.E.2d 420 (1989)). The self-storage industry is not, unlike the industries to which the public interest exception has been deemed applicable, extensively regulated by North Carolina law. *Alston*, 92 N.C. App. at 64, 373 S.E.2d at 466-67 (invalidating a release signed by a customer who received cosmetology services in light of the extensive regulation of the cosmetology industry and the use of hazardous chemicals); *Fortson*, 131 N.C. App. at 638, 508 S.E.2d at 552 (invalidating a release executed in connection with a rider's participation in a motorcycle safety training program). On the contrary, the present case is more analogous to *Hall*, in which the Supreme Court refused to invalidate a liability waiver contained in a rental contract relating to the installation of a gas tank and pumping equipment. *Hall*, 242 N.C. at 710-11, 89 S.E.2d at 398. As a result, we conclude that the public interest exception does not invalidate the exculpatory clause at issue here.

Finally, an exculpatory contract that has been "gained through inequality of bargaining power" is unenforceable.

*Fortson*, 131 N.C. App. at 636, 508 S.E.2d at 551. In applying this exception to the general rule allowing the enforcement of otherwise-enforceable exculpatory clauses, reviewing courts give "consideration to the comparable positions which the contracting parties occupy in regard to their bargaining strength, i.e., whether one of the parties has unequal bargaining power so that he must either accept what is offered or forego the advantages of the contractual relation in a situation where it is necessary for him to enter into the contract to obtain something of importance to him which for all practical purposes is not obtainable elsewhere." *Hall*, 242 N.C. at 710, 89 S.E.2d at 398. In addition to admitting that he had read and understood the provisions of the rental agreement before signing it, Plaintiff acknowledged that there was another storage facility "up the road" that he considered dealing with before electing to obtain a storage unit from Defendant Mini Storage. As a result, given that Plaintiff had other options for obtaining the storage unit that he needed, we are unable to conclude that the exculpatory provision contained in the rental agreement resulted from the exercise of unequal bargaining power.[4] As a result, given that the exculpatory clause at issue here is enforceable and clearly barred Plaintiff's claim, we hold that the trial court correctly

[4]Plaintiff does not attempt to argue in his brief or reply brief that any of the *Fortson* exceptions apply.

granted summary judgment in favor of Defendant Mini Storage with respect to Plaintiff's personal injury claim.

### C. Defendant Smith's Liability

Secondly, Plaintiff argues that the trial court erred by granting summary judgment in favor of Defendant Smith on the grounds that the assignment of the contract between Defendant Smith and Defendant Mini Storage to Royall did not relieve Defendant Smith of his liability under the contract. Plaintiff's argument lacks merit.

As a result of the fact that the work that allegedly resulted in Plaintiff's injuries was actually performed by Royall rather than Defendant Smith, Plaintiff must, in order to successfully pursue a claim against Defendant Smith, establish that Defendant Smith violated some duty that he owed to Plaintiff. In attempting to persuade us that the assignment of Defendant Smith's rights and duties under his contract with Defendant Mini Storage to Royall did not relieve Defendant Smith of liability for any injury that he might have sustained, Plaintiff directs our attention to numerous decisions that hold, in effect, that a party to a contract who completely assigns all rights and duties under the contract to another party remains liable to the original party with whom the assignor contracted. *See, e.g., Rose v. Vulcan Materials Company*, 282 N.C. 643, 662,

194 S.E.2d 521, 534 (1973) (stating that "the assignor has power only to delegate and not to transfer the performance of duties as against the other party to the contract assigned"); *Atlantic & N.C.R. Co. v. Atlantic & N.C. Co.*, 147 N.C. 368, 380, 61 S.E. 185, 189 (1908) (holding that, in the absence of a novation, "the assignor would, notwithstanding the assignment, still remain liable"). A careful study of the decisions upon which Plaintiff relies demonstrates, however, that all of them address the assignor's liability to the other party to the original contract rather than to a third party like Plaintiff. As a result, none of the decisions upon which Plaintiff relies undercut the validity of the trial court's order in any way.

In addition, Plaintiff cites N.C. Gen. Stat. § 25-2-210(1), which provides that "[n]o delegation of performance relieves the party delegating of any duty to perform or any liability for breach." N.C. Gen. Stat. § 25-2-210(1). Although he acknowledges that the statutory provision upon which he relies is only applicable to contracts for the sale of goods, Plaintiff contends that the General Assembly intended for the principle enunciated in N.C. Gen. Stat. § 25-2-210(1) to apply outside the sale of goods context given the citation to *Atlantic & N.C.R. Co.* in the comments relating to that statutory provision. Once again, however, Plaintiff fails to recognize that *Atlantic &*

*N.C.R. Co.* and "general North Carolina contract law" provide for an assignor's continued liability to the other party to the original contract rather than to a third party. As a result, N.C. Gen. Stat. § 25-2-210(1) has no bearing on the proper resolution of this issue.

Simply put, the only arguments advanced in Plaintiff's brief in opposition to the trial court's decision to grant summary judgment in favor of Defendant Smith establish that Defendant Smith, as an assignor, remains liable to Defendant Mini Storage under the original contract. Nothing in Plaintiff's briefs provides any basis for believing that Defendant Smith should be held liable to him as a stranger to the original contract. As a result, given that Plaintiff has not established any basis for holding Defendant Smith liable for his injuries, the trial court did not err by granting summary judgment in favor of Defendant Smith.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that Plaintiff's challenges to the trial court's orders lack merit.[5]

---

[5]Although the parties have debated other issues in their briefs in addition to those discussed in the text of this opinion, we need not address these issues given our decision to hold that the exculpatory clause barred Plaintiff's claim against Defendant Mini Storage and that the assignment of Defendant Smith's contract with Defendant Mini Storage to Royall barred Plaintiff's claim against Defendant Smith.

As a result, the trial court's orders should be, and hereby are, affirmed.

AFFIRMED.

Judge ROBERT N. HUNTER, JR. concurred in this opinion prior to 6 September 2014.

Judge DAVIS concurs.