LARRY D. OATES, Appellant v. NORTH CAROLINA DEPARTMENT OF CORRECTION, Appellee

No. 938SC645

(Filed 3 May 1994)

1. **Administrative Law and Procedure § 65 (NCI4th)— administrative law judge's decision not adopted—reasons stated by agency—correctness of reasons not reviewed on appeal**

   Review of an agency decision under N.C.G.S. § 150B-51(a) allows the court to determine whether the "agency's decision states the specific reasons why the agency did not adopt the [administrative law judge's] recommended decision," but that statute does not entitle petitioner to review of whether those stated reasons were correct.

   **Am Jur 2d, Administrative Law § 730.**

OATES v. N.C. DEPT. OF CORRECTION

[114 N.C. App. 597 (1994)]

2. **Public Officers and Employees § 63 (NCI4th)— credibility determinations by administrative law judge—disregard by State Personnel Commission—no error**

There was no merit to petitioner's contention that the State Personnel Commission acted arbitrarily in disregarding the administrative law judge's credibility determinations, since credibility determinations as well as conflicts in the evidence are for the agency to determine, and the Commission's findings in this case with regard to credibility of the witness had considerable support in the record.

**Am Jur 2d, Administrative Law §§ 678 et seq.**

3. **Public Officers and Employees § 67 (NCI4th)— correctional officer stealing food from prison kitchen—conclusions of State Personnel Commission—supporting evidence**

Evidence was sufficient to support the conclusions of the State Personnel Commission that petitioner, a correctional sergeant at Central Prison, should have known without having to be warned that stealing food from the kitchen was wrong; even if a warning was required, petitioner received such warning by memorandum, but continued to take food; rules of the Department of Correction required employees to be persons of sound moral character; Department of Correction rules provided that no employee would use supplies except as he was legally entitled to do so; and petitioner's actions in stealing food were insubordinate and unbecoming a State employee.

**Am Jur 2d, Civil Service § 63.**

Appeal by petitioner from order entered 28 April 1993 by Judge George R. Greene in Wayne County Superior Court. Heard in the Court of Appeals 10 March 1994.

This case concerns petitioner's dismissal from employment at Central Prison. Petitioner worked at Central Prison, a maximum security prison, from July 1985 to August 1990. On 28 August 1990, the warden dismissed petitioner for unacceptable personal conduct, namely, misuse of state supplies and insubordination. At the time of his dismissal, petitioner worked as a correctional sergeant and was responsible for several employees and over two hundred prisoners.

OATES v. N.C. DEPT. OF CORRECTION

[114 N.C. App. 597 (1994)]

Prison officials began an internal investigation in August 1990 after they received notice that staff in unit three, second shift, was consuming dining hall food without payment. The investigation led prison officials to conclude that petitioner had consumed food without payment, an act they considered stealing. In determining an appropriate disciplinary option, prison officials were cognizant of the fact that (1) petitioner engaged the services of subordinate staff and inmates to procure the food, (2) a sergeant, particularly in a facility like Central Prison, is responsible for enforcing policy and maintaining control and must possess integrity and credibility to effectively govern, and (3) petitioner continued this practice even after a 7 May 1990 memorandum directed that all violators cease the practice, amounting to insubordination.

Petitioner appealed his dismissal and a hearing was held before an administrative law judge (ALJ). The ALJ concluded that the Department of Correction (DOC) failed to show that petitioner (1) could no longer effectively supervise, (2) was justifiably dismissed, (3) violated policy after 7 May 1990, and (4) was fired for just cause. Accordingly, the ALJ recommended reinstatement.

On further review, the State Personnel Commission (SPC) declined to adopt several of the ALJ's findings of fact and conclusions of law, as well as the ALJ's recommended decision. The SPC ordered that DOC's decision to dismiss petitioner be upheld for just cause. On petition for review, the superior court affirmed the SPC's decision. From the order affirming the SPC's decision, petitioner appeals.

*Eastern Carolina Legal Services, by John R. Keller, for petitioner appellant.*

*Attorney General Michael F. Easley, by Assistant Attorneys General Valerie L. Bateman and Deborah L. McSwain, for respondent appellee.*

ARNOLD, Chief Judge.

[1] Petitioner presents three arguments for our review, all of which maintain, for various reasons, that the superior court erred in affirming the SPC's decision. In his first argument, petitioner contends that the SPC's stated reasons for not adopting the ALJ's recommended decision are erroneous.

Respondent contends this argument is not properly before the Court and that our review is limited to a determination of whether

the superior court failed to apply the standard of review set forth in G.S. § 150B-51. In support of its contention, respondent argues that the petition for review by the superior court alleged only violations reviewable under G.S. § 150B-51(b)(5), which entitles a petitioner to judicial review to determine whether the decision was "unsupported by substantial evidence." N.C. Gen. Stat. § 150B-51(b)(5) (1991).

G.S. § 150B-51(a), under which petitioner contends he is entitled to this review, allows the court to determine whether the "agency's decision states the specific reasons why the agency did not adopt the recommended decision." G.S. § 150B-51(a) (1991). The superior court determined that the SPC's decision satisfied this requirement. Petitioner argues, however, that G.S. § 150B-51(a) also entitles him to review of whether those stated reasons were correct. We disagree, believing that the review urged by petitioner is not contemplated by that portion of G.S. § 150B-51. *See Webb v. N.C. Dept. of Envir., Health, and Nat. Resources*, 102 N.C. App. 767, 404 S.E.2d 29 (1991). We note also that petitioner cites *Webb* for the proposition that a reviewing court must not only gauge whether a reason is specifically stated, but also whether it is correct. Petitioner interprets both *Webb* and G.S. § 150B-51(a) incorrectly. Furthermore, we reject petitioner's contention, made in his reply brief, that he intended the review suggested in his original brief to fall under G.S. § 150B-51(b)(4). At no time did petitioner cite that provision in his original brief, nor did he cite it in his petition for judicial review presented to the superior court. We will not entertain what amounts to a new argument presented in this reply brief. *See Animal Protection Society v. State of North Carolina*, 95 N.C. App. 258, 382 S.E.2d 801 (1989) (stating that the original brief sets the issues to be decided on appeal and that a new matter, raised for the first time in a reply brief, will not be considered).

[2] In his next argument, petitioner contends the SPC acted arbitrarily in disregarding the ALJ's credibility determinations. More specifically, petitioner questions the SPC's failure to adopt the ALJ finding of fact forty-three which states:

> Based upon the inconsistencies in his recollection and upon his demeanor while testifying, the undersigned finds that Bell was not a credible witness and his testimony that he saw the Petitioner eating a sandwich which was made from supplies taken from the Central Prison kitchen was not believable.

OATES v. N.C. DEPT. OF CORRECTION

[114 N.C. App. 597 (1994)]

In its stead, the SPC added findings of its own pertaining to Officer Bell. These findings state only that Officer Bell saw petitioner and three inmates eating in the sergeant's office, that petitioner offered him food in styrofoam trays, and that his experience told him that the food had come from Central Prison's kitchen.

Credibility determinations "and the probative value of particular testimony are for the administrative body to determine, and it may accept or reject in whole or part the testimony of any witness." *Jarrett v. N.C. Dept. of Cultural Resources*, 101 N.C. App. 475, 482, 400 S.E.2d 66, 70 (1991) (upholding the SPC's decision to decline to adopt the ALJ's credibility findings). Moreover, even though the ALJ has made a recommended decision, credibility determinations, as well as conflicts in the evidence, are for the agency to determine. *Webb*, 102 N.C. App. 767, 404 S.E.2d 29; *see also Davis v. N.C. Dept. of Human Resources*, 110 N.C. App. 730, 432 S.E.2d 132 (1993) (stating that the prerogative to determine the credibility of witnesses and to weigh the evidence rests with the SPC). We decline to restrict the SPC in the manner suggested by petitioner, which could foreclose meaningful review in certain situations. We believe also that the SPC's findings concerning Officer Bell have considerable support in the record.

[3] In his last argument, petitioner contends that the SPC's decision is not supported by substantial evidence. Petitioner argues specifically that four of the SPC's conclusions are not supported by substantial evidence. Consequently, he contends the SPC's decision cannot stand and that the ALJ's recommended decision should become the final agency decision.

On review, the superior court applies the whole record test, examining all competent evidence to determine whether the SPC's findings and conclusions are supported by substantial evidence. *Henderson v. N.C. Dept. of Human Resources*, 91 N.C. App. 527, 372 S.E.2d 887 (1988). Substantial evidence is "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lackey v. N.C. Dept. of Human Resources*, 306 N.C. 231, 238, 293 S.E.2d 171, 176 (1982). If the evidence reveals two conflicting views or contradictory evidence, the superior court may not replace its judgment for that of the SPC. *Thompson v. Board of Education*, 292 N.C. 406, 233 S.E.2d 528 (1977). Essentially, the whole record test is used to determine whether the SPC decision has a rational basis in the evidence as a whole. *Henderson*, 91 N.C. App. 527, 372 S.E.2d 887.

On appeal to this Court, our review is limited to a determination of whether the superior court made any errors of law and asks "whether the superior court was correct as a matter of law in holding that the . . . decision and order was supported by substantial evidence in light of the whole record." *Floyd v. N.C. Dept. of Commerce*, 99 N.C. App. 125, 128, 392 S.E.2d 660, 662, *disc. review denied*, 327 N.C. 482, 397 S.E.2d 217 (1990). We will address each conclusion individually.

SPC conclusion three states that:

> Further, the rules of the Office of State Personnel also provide that personal conduct discipline is intended to be imposed for those actions for which no reasonable person could, or should, expect to receive prior warnings. No reasonable State employee could or should expect to be warned that stealing food from the State is wrong. However, even if Petitioner should have been informed that such conduct was wrong, he was so warned by the memorandum of May 7, 1990, and defied that directive when he continued to take food from the kitchen without paying for it after the memorandum was issued.

Petitioner agrees he was not entitled to a warning, but contends that respondent's conduct does not support this conclusion. We can only assume that petitioner is arguing that since the 7 May 1990 memorandum provided a form of warning his termination was somehow improper. We disagree entirely. In fact, this conclusion appears to be only a confirmation of the allegations of insubordination, brought about by petitioner's continued consumption following the 7 May 1990 memorandum.

SPC conclusion four states that:

> The rules of the Department of Correction also require its employees to "be persons of sound moral character. In dealing with inmates and the public, they must firmly establish authority, yet show themselves worthy of trust by maintaining unimpeachable conduct on and off duty." 5 N.C.A.C. 2A. 0201.

Petitioner contends that respondent never specified this rule as a basis for dismissal, foreclosing its use by the SPC as a conclusion in support of upholding dismissal. Assuming, without deciding, that petitioner is correct, its inclusion is harmless. The record contains substantial evidence of other, properly included, grounds for dismissal.

SPC conclusion five states that:

DOC rules also provide that "No employee will consume or use equipment, facilities, or supplies, including scrap material, except as he may be legally entitled to do. . . . Food, cleansers, and other supplies will be used according to recipes and instructions." 5 N.C.A.C. 2A .0202(e)(2).

Petitioner states, without argument, that the SPC adopted ALJ findings that prior to 7 May 1990 he had not been told that taking food violated this policy and that he did not believe food was a supply. Though it is difficult to discern the nature of petitioner's contention, it appears he is arguing that since he presented evidence that he did not understand the nature of this rule, it cannot be used as a basis for termination.

SPC conclusion six, which should be read in conjunction with conclusion five, states that:

Petitioner's actions of stealing food from the state both before and after the May 7, 1990, memorandum were insubordinate and unbecoming a State employee and his actions were unlawful and in violation of Division policy. As a result of Petitioner's actions, he was no longer able to function effectively as a supervisor of inmates and/or subordinate staff. The Respondent produced sufficient factual evidence to show that the Petitioner engaged in unacceptable conduct as described in the dismissal letter. Respondent has established just cause for Petitioner's dismissal.

We disagree with petitioner's assertions that conclusions five and six are not supported by substantial evidence. Furthermore, we note that the presence of conflicting evidence is not fatal to a finding or conclusion so long as the finding or conclusion is supported by substantial evidence. In this case, substantial evidence supported the SPC's conclusions. Moreover, the majority of contradictory or conflicting evidence cited by petitioner came from petitioner himself. We note, too, that petitioner admitted reading 5 N.C.A.C. 2A .0202 while studying for the sergeant's exam, and that he knew his job benefits did not include free food. He excuses his conduct by claiming that no one ever said it was wrong.

The record also shows that (1) officers were either told or knew from "day one" that it was wrong to eat food from the kitchen, (2) other units in the prison did not eat food from the

NATIONWIDE MUTUAL FIRE INS. CO. v. NUNN

[114 N.C. App. 604 (1994)]

kitchen, (3) petitioner admitted during his predismissal conference, in the presence of the warden, the deputy warden, and the administrator, that he ate food from the kitchen both before and after the 7 May 1990 memorandum, (4) on occasion, petitioner used subordinate staff as well as inmates to procure the food, and (5) petitioner rarely brought food from home. Furthermore, the warden stated that officers must lead by example when dealing with convicts and that once you lose integrity and credibility you lose control, supporting the SPC's conclusion that petitioner could no longer function effectively as a supervisor of staff and inmates.

We have carefully reviewed appellant's remaining contentions under this argument and find them to be unpersuasive. The decision of the superior court affirming the final decision of the SPC is

Affirmed.

Judges COZORT and LEWIS concur.