ADOLPH A. JUSTICE, JR., Petitioner-Appellant v. N.C. DEPT. OF TRANSPORTA-
TION, Respondent-Appellee

No. COA95-114

(Filed 2 January 1996)

**Administrative Law and Procedure § 44 (NCI4th)—
Commission's refusal to adopt Administrative Law Judge's
recommended decision—failure to explain decision—
inability of court to review**

A decision of the State Personnel Commission declining to adopt the recommended decision of the Administrative Law Judge that petitioner's termination should be reversed because improper procedure was followed by the Department of Transportation failed to comply with the statutory requirement that the agency state the specific reasons why the recommended decision was not adopted where the Commission adopted all of the Administrative Law Judge's findings of fact but refused to adopt the decision because some of its conclusions were "inaccurate statements and [were] not supported by the substantial evidence in the record," but the Commission did not explain its decision with enough specificity to allow the reviewing court to determine from the record whether the legal conclusions underlying the agency's decision represented a correct application of the law. N.C.G.S. § 150B-51(a).

**Am Jur 2d, Administrative Law §§ 522, 532, 542.**

**Power of administrative agency to reopen and reconsider final decision as affected by lack of specific statutory authority. 73 ALR2d 939.**

Judge JOHNSON dissenting.

Appeal by petitioner from judgment entered 7 November 1994 by Judge W. Osmond Smith, III, in McDowell County Superior Court. Heard in the Court of Appeals 26 October 1995.

*John R. Mull for petitioner appellant.* .

*Attorney General Michael F. Easley, by Special Deputy Attorney General Hal F. Askins and Assistant Attorney General Bryan E. Beatty, for the State.*

SMITH, Judge.

Petitioner appeals a superior court judgment affirming a decision and order of the State Personnel Commission (Commission) entered 28 February 1994. Petitioner alleges that the superior court judge erred in failing to appropriately review the decision and order of the Commission pursuant to N.C. Gen. Stat. § 150B-51(a). After careful review of the record, we agree. Accordingly, we remand.

Petitioner was formerly employed by the Department of Transportation (DOT), most recently in the capacity of Inspector I with the Division of Motor Vehicles, Enforcement Section. Petitioner's duties included various enforcement activities involving car dealerships, such as investigation of odometer rollback violations. In one such investigation conducted in September 1989, petitioner was part of a group of enforcement employees who discovered, confiscated from a car dealer, and stored for evidence of rollback violations, twelve vehicles. One of the confiscated vehicles was a 1985 gold Nissan 300 ZX (300 ZX).

On 28 June 1990, petitioner returned to the garage where the vehicles were stored and signed for and removed the 300 ZX. He maintained that he wanted to check the vehicle to determine if it was salvaged or stolen. Three months later, the owner of the garage called the DMV to inquire about the 300 ZX because she had not been paid storage fees as promised, and she was no longer in possession of the automobile. On the same day petitioner denied any knowledge of the location of the vehicle, an investigator from the office of the Director of Enforcement discovered the vehicle parked in the driveway of petitioner's home. The odometer reading was 1834 miles higher than that recorded at the time the vehicle was placed in storage.

JUSTICE v. N.C. DEPT. OF TRANSPORTATION

[121 N.C. App. 314 (1996)]

Petitioner was first advised that he was being investigated for alleged misconduct on 19 September 1990. On 8 October 1990 he received a termination letter, effective 12 October 1990, from the director of the Enforcement Section. Petitioner sent a timely "Notice of Appeal" of his dismissal to Mr. Larry Billings, Personnel Director of the Department of Transportation, dated 10 October 1990. Mr. Billings responded by letter dated 18 October 1990, noting that petitioner had filed a timely appeal. By letter dated 2 April 1991, Mr. Billings advised petitioner that a hearing on the matter would be held before the Employee Relations Committee on 17 April 1991. On 14 August 1991, petitioner received a letter from the Secretary of the DOT adopting the Committee's recommendations and upholding petitioner's termination.

The Department of Transportation's Procedures Manual specifies that within ten days after receipt of an appeal of termination by an employee, the Employee Relations Committee shall schedule a hearing and inform the parties of the date, location and time of such hearing. In the event an employee is unable, within a reasonable time, to obtain a final decision from the head of a department, he may appeal to the State Personnel Commission. N.C. Gen. Stat. § 126-35(a) (1993). In this case, the Employee Relations Committee did not schedule a hearing within ten days, pursuant to the Department's procedures manual. In fact, the Committee waited over 5 months before scheduling a hearing in petitioner's case. During this interim, however, petitioner did not attempt to appeal his termination to the State Personnel Commission pursuant to N.C. Gen. Stat. § 126-35(a). Further, it is not clear that petitioner has shown that the result of the Committee review hearing would have been different, but for the DOT's failure to follow internal procedure. *See Leiphart v. N.C. School of the Arts*, 80 N.C. App. 339, 342 S.E.2d 914, *cert. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986).

Petitioner appealed the decision of the Secretary of the DOT and filed a Petition for Contested Case hearing with the Office of Administrative Hearings on 9 September 1991. On 23 and 24 November 1992, an administrative hearing was held before Administrative Law Judge (ALJ) Sammie Chess, Jr. On 19 July 1993 ALJ Chess issued a recommended decision in petitioner's favor, concluding that petitioner's termination should be reversed because improper procedure was followed by the DOT. The recommended decision was forwarded to the State Personnel Commission in accordance with the provisions of N.C. Gen. Stat. § 150B-36(b).

JUSTICE v. N.C. DEPT. OF TRANSPORTATION

[121 N.C. App. 314 (1996)]

On 8 December 1993, the State Personnel Commission heard arguments on petitioner's appeal. Through a Decision and Order issued 28 February 1994, the Commission adopted all of the ALJ's findings of fact, finding them supported by substantial evidence in the record. However, the Commission excepted to several provisions of the recommended decision labeled "Conclusions of Law." Based upon those exceptions, the Commission declined to adopt the recommended decision and upheld petitioner's termination.

Pursuant to N.C. Gen. Stat. § 150B-43, *et seq.*, petitioner appealed the Decision and Order of the State Personnel Commission to the Superior Court of McDowell County. Superior Court Judge Osmond Smith issued an order upholding the Decision and Order on 19 October 1994. From that order, petitioner appeals.

Petitioner first assigns error to the court's failure to properly review the Commission's decision pursuant to N.C. Gen. Stat. § 150B-51(a). That subsection requires the reviewing court to make two initial determinations:

First, the court shall determine whether the agency heard new evidence after receiving the recommended decision. . . . Second, if the agency did not adopt the recommended decision, the court shall determine whether the agency's decision states the specific reasons why the agency did not adopt the recommended decision.

If the court finds that the agency did not state specific reasons why it did not adopt a recommended decision, the court must reverse the decision or remand the case to the agency to enter the specific reasons. N.C. Gen. Stat. § 150B-51(a) (1991).

The Commission did not hear new evidence in this case. However, it did decline to adopt the recommended decision of the ALJ and gave the following rationale for so doing:

2. The Commission declines to adopt the second and third sentence of Procedural Conclusion of Law 3 because they are inaccurate statements and are not supported by the substantial evidence in the record.

3. The Commission also declines to adopt Procedural Conclusion of Law 4, the Summary of Decision of the [ALJ] because they are inaccurate statements and are not supported by the substantial evidence in the record.

4. The Commission declines to adopt the portion of the Conclusion, page 21 which states, **"but the dismissal violated Petitioner's procedural rights"** because it is inaccurate and is not supported by the substantial evidence in the record.

5. The Commission declines to adopt the Observation and Recommended Decision of the [ALJ] because they are inaccurate statements and are not supported by the substantial evidence in the record.

The Administrative Procedure Act, Chapter 150B, while giving Administrative Law Judges "many of the powers and duties generally regarded as necessary to the independent function of our courts," *Ford v. N.C. Dept. of Envir., Health, and Nat. Resources*, 107 N.C. App. 192, 197, 419 S.E.2d 204, 207 (1992), still gives the interested agency the authority to make its own findings of fact, conclusions of law and decision. *Id.* at 199, 419 S.E.2d at 208. The agency may decline to adopt the ALJ's recommended decision in whole or in part, but must offer specific reasons for doing so. N.C. Gen. Stat. § 150B-36(b) (1991).

If the agency declines to adopt the ALJ's recommended decision, the reviewing court, on appeal, must first determine whether the agency stated specific reasons for its decision in compliance with § 150B-36(b). N.C. Gen. Stat. § 150B-51(b). These statutory sections do "not require a point-by-point refutation of the Administrative Law Judge's findings and conclusions," *Webb v. N.C. Dept. of Envir., Health and Nat. Resources*, 102 N.C. App. 767, 770, 404 S.E.2d 29, 31 (1991), however, they do require that the agency explain its decision with enough specificity to allow the reviewing court to determine from the record whether the legal conclusions underlying the agency's decision represent a correct application of the law.

In this case, the only reasons given by the Commission for failing to adopt the ALJ's recommended decision were that the conclusions to which the agency objected were "inaccurate statements and [were] not supported by the substantial evidence in the record." We note that conclusions of law should be supported by findings of fact, which in turn should be supported by competent substantial evidence in the record. The Commission, which adopted all of the ALJ's findings of fact, failed to give any explanation why the ALJ's conclusions of law were "inaccurate," or more appropriately, why the ALJ's findings of fact did not support his conclusions of law. The requirement that the agency give specific reasons for failing to adopt a recommended deci-

sion is not a mere formality. While it is not the reviewing court's role to determine whether the Commission's reasons for declining to adopt the recommended decision are correct, *Oates v. N.C. Dept. of Correction*, 114 N.C. App. 597, 600, 442 S.E.2d 542, 544 (1994), the Commission is still required to state its rationale specifically so that the reviewing court may determine whether the Commission engaged in a proper legal analysis. The rationale provided by the Commission here is simply not specific enough for such a determination to be made by this Court or the superior court. Furthermore, most of the "conclusions" and "observations" as well as the "summary of decision," which the Commission declined to adopt, were nonessential to the decision rendered by the ALJ and were duplicative of other parts of the decision. Their accuracy or inaccuracy was not a proper basis for failing to adopt the recommended decision.

Based upon our ruling herein, it is not necessary to address petitioner's other assignments of error. For the reasons stated, the case is remanded for further proceedings in accordance with this opinion.

Remanded.

Judge WALKER concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent from the majority's opinion which reverses and remands the trial court's order.

I find that the Commission did in fact state a specific reason as to why it declined to adopt the ALJ's conclusions; that is, that the conclusions of law "are inaccurate statements and are not supported by the substantial evidence in the record." The uncontroverted evidence in the record reveals that petitioner, without authority and knowing that it was against his department's guidelines, took the 300ZX from storage; and converted it to his own personal use for three months, during which time the vehicle was driven some 1834 miles. The evidence is also uncontroverted that petitioner, when confronted, initially denied taking the vehicle from storage, and only returned the vehicle when his employer discovered that petitioner had removed the vehicle from storage and converted it to his own personal use. Thus, there is substantial competent evidence in the record which

supports the findings of fact of the ALJ, adopted by the Commission, which in turn, supports the conclusions of law reached by the Commission. The findings support only one conclusion which is contrary to the ALJ's conclusions of law.

I find no merit in petitioner's issues regarding the procedural violations because petitioner is unable to show that a different result would have been reached, had the internal procedures been followed. *See Leipart v. N.C. School of Arts*, 80 N.C. App. 339, 342 S.E.2d 914, *cert. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986).

Accordingly, the trial court's holding that (1) the findings of fact in the Decision and Order of the ALJ were supported by competent and substantial evidence in view of the whole record, and (2) the findings of the ALJ adopted by the Commission support the Commission's conclusions of law were correct. Therefore, I vote to affirm.